UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09381-CJC-SK | Date | November 8, 2018 |
|---|---|---|---|
| Title | Carlos Jose Lopez v. Clark | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

Attorneys Present for Petitioner:  Attorneys Present for Respondent:

None present  None present

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 2, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1998 convictions and sentence for automobile burglary, unlawful taking of a vehicle, and grand theft. (Pet., ECF 1 at 2). Petitioner was sentenced to state prison for 26 years to life under California's Three Strikes law. (*Id.*). In 2012, California enacted Proposition 36, which modified the Three Strikes Law and "created a postconviction release proceeding" for prisoners convicted of non-violent or non-serious third strike offenses to seek resentencing. *Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018). But relief under Proposition 36 is not mandatory and may be denied in the discretion of the California state court if "the court determines that resentencing would pose an unreasonable risk of danger to public safety." *Id*.

Petitioner filed an unsuccessful petition under Proposition 36 in 2015 (L.A. Super. Ct. BA143618), which he appealed to the California Supreme Court. But the California Supreme Court dismissed review as improvidently granted in November 2017. (Cal. S. Ct. S234827).[1] Petitioner then filed his federal petition here one year later, apparently seeking review of the California state courts' decision not to grant him Proposition 36 relief. "If it plainly appears from the petition," however, "that the petitioner is not entitled to relief" under § 2254, the Court "must dismiss the petition." Rule 4 of Rules Governing Section 2254 Cases; *see also* Local Rule 72-3.2 (summary dismissal of habeas corpus petitions). It appears that Petitioner is not entitled to habeas relief for several reasons: his challenge is not cognizable as a federal habeas claim, it has not been exhausted in state court, and it is facially untimely.

First, the Court has jurisdiction under § 2254 to review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). But Proposition 36 relief is purely a creature of state law; it is not mandated by federal law. Thus, if Petitioner is claiming that he should have received a shorter

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals and state petitions for recall of his sentence. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09381-CJC-SK | Date | November 8, 2018 |
|---|---|---|---|
| Title | Carlos Jose Lopez v. Clark | | |

sentence under Proposition 36 (Pet. at 4-5), that is not a claim reviewable in federal habeas court. *See Williams*, 2018 WL 2059644, at *5 ("Matters relating to state sentencing law generally are not cognizable on federal habeas review."); *Jones v. Super. Ct. of L.A.*, 2016 WL 7638205, at *2 (C.D. Cal. Nov. 17, 2016) (claim that petitioner has a right to resentencing under Proposition 36 "is not cognizable . . . because it pertains solely to the state court's interpretation of state sentencing law").

Second, even if Petitioner's claim were construed as a cognizable federal claim, he has failed to show that it has been exhausted in California state court. A federal court may not grant habeas relief to persons held in state custody unless they have exhausted available state court remedies by presenting their federal claims up to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). While Petitioner did try to appeal the denial of his petition for resentencing in the California Supreme Court under California *state law*, that is not the same as presenting the alleged *federal law* claim, if any, that Petitioner wants to raise in federal habeas court. Because it does not appear that Petitioner has raised any such federal claim about his sentence to the California Supreme Court, the Petition is unexhausted. (Pet. at 3, 5.).

Lastly, even if Petitioner has raised a cognizable federal habeas claim and it were deemed exhausted, the Petition is still facially untimely by 18 years. On direct appeal, the California Supreme Court dismissed review on March 15, 2000, and because Petitioner did not file a petition for writ of certiorari to the U.S. Supreme Court, his conviction became final 90 days later, on June 13, 2000, at the expiration of the time for filing for such a petition. (Pet. at 3). From that date, Petitioner had one year—by no later than June 13, 2001—in which to file a timely federal petition absent any tolling. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling is available for any state habeas petition filed *after* the expiration of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear any basis for equitable tolling or the delayed commencement of the limitations period under § 2254(d)(1).

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **December 10, 2018** why the Court should not dismiss this action for lack of jurisdiction, failure to exhaust, and untimeliness. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.